UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMARCUS A. CAIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:15-CV-235 RM |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Jamarcus A. Cain, a *pro se* prisoner, filed a petition for writ of habeas corpus challenging the prison disciplinary hearing (WCC 15-02-153) where the Disciplinary Hearing Officer (DHO) at the Westville Correctional Facility found him guilty of Assault on Staff on February 13, 2015, in violation of A-117 and sanctioned him with the loss of 365 days earned credit time and demoted him to Credit Class 3. Mr. Cain presents four grounds in his petition, but all of them argue that there was insufficient evidence to have found him guilty. He also argues that prison policies were violated. The violation of a prison policy is not a basis for habeas corpus relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Mr. Cain argues that there was insufficient evidence for the DHO to have found that he assaulted a guard causing serious injury. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the

relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "This is a lenient standard, requiring no more than a modicum of evidence." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). That's the case here. The Conduct Report states:

> On 2/3/15 at approximately 5:20 pm, I (Officer Garza) was supervising the juice line in the GSC Chow Hall when I witnessed Offender Cain, Jamarcus #988172 attempting to steal juice packets through the serving window. I ordered Offender Cain to stop and he disregarded the order and continued to attempt to steal the juice. I then secured a grip on Offender Cain's right forearm with my right hand and he then pulled away from me, bending my fingers to the back which resulted in breaking the bones in my right hand.

DE 1-1 at 3. Though Mr. Cain disputes that this is what happened, "[i]n reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." Superintendent v. Hill, 472 U.S. at 457 (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 457. The evidence here was sufficient to have found Mr. Cain guilty. Officer Garza stated in his report that Mr. Cain bent his fingers back and broke them. Though Mr. Cain argues that pulling away isn't an assault, doing so in

a way that breaks fingers by bending them backwards is an assault. Moreover, broken fingers are clearly a serious injury.

For these reasons, the petition for a writ of habeas corpus is DENIED pursuant to Section 2254 Habeas Corpus Rule 4 and this case is DISMISSED.

SO ORDERED

ENTERED: November  10 , 2015.

                                             /s/ Robert L. Miller, Jr.
                                            Judge
                                            United States District Court